UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOREEN M. VALENTINE, | ) | CASE NO. 4: 09 CV 1908 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OF OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge Kenneth McHargh for the preparation of a Report and Recommendation (R&R). Magistrate Judge McHargh's R&R recommends that the decision of the Commissioner be affirmed. Plaintiff has filed an objection to the R&R. For the reasons stated below, the R&R is ACCEPTED, and the decision of the Commissioner is AFFIRMED.

**I. Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a

reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  If substantial evidence supports the Commissioner's decision, the Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id*.

### III.  Analysis

Plaintiff claims disability as a result of problems she has with her feet.  The ALJ determined that Plaintiff was not disabled because she retained the capacity to perform a significant number of sedentary jobs in the national economy.  The Magistrate Judge found this determination supported by substantial evidence.

Plaintiff contends the R&R should be rejected and summary judgment should be entered in her favor based on the ALJ's assessment of Plaintiff's need to elevate her feet.  Plaintiff's treatment records from Plaintiff's podiatist and other treating physicians made no recommendations that Plaintiff should elevate her legs to relieve any foot symptoms.  Instead, Plaintiff's podiatrist, Dr. Williams, answered a written questionnaire from Plaintiff's attorney that asked Dr. Williams if Plaintiff needed to elevate her legs and, if so, at what level and how many times a day.  Dr. Williams did not provide specific requirements but responded that Plaintiff needed to elevate her legs to waist level when she was "not active" at all times when she was at rest.  Plaintiff testified that she had to elevate her legs at least once a day, but the frequency of how often she needed to elevate her legs varied.  She testified that on a good day, she needed to elevate her legs once a day for about 20 minutes to a half hour; on a bad day, she would usually elevate them two or three times a day for about an hour.

In his decision, the ALJ stated:

> As for the opinion evidence, her treating podiatrist opined that the claimant needs to elevate her legs waist level while resting (Exhibit 16F/2). He did not specify how often the claimant should do this. I have considered his opinion and have given it some weight. Normal breaks during an 8 hour work day should be able to accommodate the claimant's need to elevate her legs, as she testified that she generally does this only once a day for 15 or 20 minutes.

Plaintiff contends the ALJ's finding conflicts with Plaintiff's "logical" description of her need to elevate her legs.

However, substantial evidence supports the ALJ's determination. The ALJ indicated that he gave Dr. Williams' opinion some weight with respect to Plaintiff's alleged need to elevate her legs but concluded that Plaintiff's need did not exceed normal break periods in a work day as identified by the VE. The ALJ was not obligated to find Plaintiff's testimony credible or controlling. No specific restriction was identified by Plaintiff's physicians.

### III. Conclusion

The Court finds no error in Magistrate Judge McHargh's R&R, finding the determination of the ALJ supported by substantial evidence. Accordingly, the R&R is ACCEPTED and the reasoning and findings of the Magistrate Judge are incorporated herein. The Commissioner's decision denying Plaintiff's application for benefits is hereby AFFIRMED.

IT IS SO ORDERED.

Date:  September 28, 2010          /s/ John R. Adams
                                    JOHN R. ADAMS
                                    United States District Judge